UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:23-cv-660

PREMIER ACADEMY OF GOTHA, LLC

    Plaintiff,

vs.

COVINGTON SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, COVINGTON SPECIALTY INSURANCE COMPANY, (hereinafter referred to as "COVINGTON" or "Defendant") pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby gives Notice of Removal of the action now pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida styled *Premier Academy of Gotha, LLC vs. Covington Specialty Insurance,* Case No. 2023-CA-002159-O. As evidence supporting removal, Covington states as follows:

**FACTS SUPPORTING REMOVAL**

1. COVINGTON is the Defendant in a civil action currently pending in the Circuit Court in and for Orange County, Florida styled *Premier Academy of Gotha, LLC vs. Covington Specialty Insurance,* Case No. 2023-CA-002159-O. That court is within the territorial confines of the Orange County Circuit Court of the Ninth Judicial Circuit.

2. Plaintiff, PREMIER ACADEMY OF GOTHA, LLC (Hereinafter "Plaintiff") instituted the aforementioned action against Defendant Covington by the filing of its Complaint on

March 15, 2023.

3. The Summons and Complaint were issued on March 15, 2023, and were electronically served on the Chief Financial Officer of the State of Florida as the Registered Agent for Defendant Covington on March 15, 2023, and forwarded to the Defendant by the Chief Financial Officer on March 15, 2023. The Summons and Plaintiff's Complaint are attached as Composite <u>Exhibit A</u>.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest, attorneys' fees and costs, exceeds $75,000.00.

5. At the time the action commenced, at the present time, and at all times material to this action, the Plaintiff is incorporated in the State of Florida, and loss location is at 9380 Gotha Rd., Windermere, FL 34786. Therefore, the Plaintiff is a citizen of the state of Florida for diversity purposes.

6. At the time the action commenced, at the present time, and at all times material to this action, Defendant Covington is and has been incorporated in the State of New Hampshire with its principal place of business in the State of Georgia, thus, is a citizen of New Hampshire and Georgia. Attached as <u>Exhibit B</u> to this Notice of Removal, is the Florida Office of Insurance Regulation's directory information for Defendant.

7. Upon Defendant's knowledge and belief, Premier Academy of Gotha, LLC was and remains an active Limited Liability Company at all times material to this action, with its principal place of business in Windermere, Florida in 2022, and at the time of removal. A true and accurate copy of Florida's Division of Corporations Sunbiz.org's "Detail by Entity Name" for Premier is attached hereto as <u>Exhibit C</u>.

8. At no time material to this action were the Defendant and the Plaintiff citizens of the

same state.

9. Plaintiff's Complaint sets forth causes of action for Breach of Contract against the Defendant.

10. The Complaint arises out of a first party property insurance dispute between Defendant and its insured, the Plaintiff ("the insured") as to whether the policy of insurance issued by the Defendant Policy #VBA857729 (the "Policy") provided insurance coverage for certain damages at the property located at 9380 Gotha Rd., Windermere FL 34786 (the "Property"), allegedly sustained by the insured on or about September 29, 2022 as a result of hurricane loss. A copy of the policy of insurance is attached to the Plaintiff's Complaint as Exhibit A to the Complaint.

11. The Complaint alleges that the Property suffered damage as a result of Hurricane Ian. *Id.* at ¶ 9.

12. Plaintiff also allege that Covington has "failed to pay the full benefits due to Plaintiff for the loss…. *Id.* ¶ 17.

13. More importantly, Plaintiff further alleges in its Complaint that the total cost of repairs to remedy the Loss, is "$135,737.25." *Id.* at ¶ 20. *See* also Wherefore Clause contained within Ex. A.

14. Plaintiff's Wherefore Clause states that Plaintiff "demands entry of a judgment in Plaintiff's favor … for damages of $135,737.25." *Id.*

15. In accordance with 28 U.S.C. § 1446(b), Defendant files this Notice of Removal within thirty (30) days of the date that it received documentation that indicated the jurisdictional amount was met.

16. Defendant has thus established that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) for purposes of jurisdiction pursuant to 28 U.S.C. §1332. *See*

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805(11th Cir. 2003).

17. Accordingly, this action is removable because there is complete diversity of citizenship between the parties to this action and the amount in controversy requirement of Seventy-Five Thousand Dollars ($75,000.00) is satisfied.

18. Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

19. Defendant Covington filed its Notice of Removal within (30) days from the date that it was served with the state court complaint establishing that the amount in controversy exceeds $75,000.00 in accordance with 28 U.S.C. § 1446(b). *See* Exhibit D. Also, *See* Ex. A.

20. Contemporaneously, with the filing of this Notice of Removal, Defendant has paid the removal fee.

## REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest, attorneys' fees and costs, exceeds $75,000.00 "If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. 1446(b)." *Roe v. Michelin N. Am.,* 613 F.3d 1059 (11th Cir. 2010). This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Plaintiff's action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332. The action may be removed to this Court by the Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (A) This is an action between citizens of different states; and (B) This is a civil action in which the amount in

controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

True and legible copies of all process, pleadings, and other papers filed in the state court proceedings are submitted herewith as required by 28 U.S.C. §1446(a). Copies of these documents are attached as Composite <u>Exhibit D</u>.

      A.     **<u>Complete diversity of citizenship exists between the Plaintiff and Defendant</u>**

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Complete diversity of the parties is present because Plaintiff qualifies as a citizen of the State of Florida while the Defendant is incorporated in New Hampshire and maintains its principal place of business in Georgia. *See* <u>Exhibit B</u> and <u>C</u> to the Notice of Removal. Therefore, diversity of citizenship between the parties is complete. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81 (2005) (defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named parties and all named defendants and no defendant is a citizen of the forum state). Thus, Plaintiff's citizenship is diverse from Defendant, satisfying the first prong of federal jurisdictional requirements pursuant to 28 U.S.C. 1446(b).

      B.     **<u>The Plaintiff's March 15, 2023 State Court Complaint establishes that the amount in controversy in this action exceeds $75,000, and removal was timely.</u>**

Defendant files this Notice of Removal within thirty (30) days of the date that it received documentation that indicated the jurisdictional amount was met. *See* ¶ 20 and Wherefore Clause within Plaintiff's Complaint.

Importantly, Plaintiff's state court complaint specifically seeks damages in excess of $135,737.25. *See* Ex. A.

### C. **Removal by the Defendant is timely.**

Lastly, as set forth above, the Complaint alleging over $75,000.00 in damages, was filed and served on Defendant, March 15, 2023. *See* Ex. A. Removal of this case from state court was accomplished on April 12, 2023, within the 30-day window for removal of Defendant being served with the Complaint. Thus, Defendant's removal was both timely and proper.

### CONCLUSION

WHEREFORE, Defendant requests that the case styled in *Premier Academy of Gotha, LLC vs. Covington Specialty Insurance,* Case No. 2023-CA-002159-O from the Circuit Court of the 9th Judicial Circuit in and for Orange County be removed to this Court.

Respectfully submitted,

By: /s/ *Oscar Lombana*
**Oscar Lombana, Esq.** (FBN: 111612)
**Tanaz Salehi, Esq.** (FBN: 57030)
Email: olombana@salehiboyer.com
pleadings@salehiboyer.com
tsalehi@salehiboyer.com
**Salehi Boyer Lavigne Lombana, P.A.**
800 S. Douglas Road, Suite 355
Coral Gables, FL 33134
Telephone: (305) 330-2050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2023, I electronically filed the foregoing through the CM/ECF system, which provides an e-notification to the parties listed below.

By:     /s/ *Oscar Lombana*
      **Oscar Lombana, Esq.** (FBN: 111612)
      Email: olombana@salehiboyer.com
             tsalehi@salehiboyer.com
             pleadings@salehiboyer.com

## SERVICE LIST

*Premier Academy of Gotha, LLC vs. Covington Specialty Insurance Company*

Andrew T. Hughes, Esq.
Zimmerman, Kiser & Sutcliffe, P.A.
315 E. Robinson St., Suite 600 (32801)
P.O. Box 3000
Orlando, FL 32802
(407) 425-7010
ahughes@zkslawfirm.com
Attorney for Plaintiff
*Via Electronic Mail*